UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

GERARDO SOLANA,

                Petitioner,

   -against-

NYC Department of Corrections, United
States Parole Commission, US Probation
Officer REID, US Probation Officer T. PARIS,
Warden RIVERA, NYC Department of
Corrections, U.S. Parole Commissioner and
Eastern District of New York Chief Probation
Officer,

                Respondents.

-----------------------------------------------------------------x

GERARDO SOLANA,

                Petitioner,

   -against-

MDC Correctional Officer W. TOLEDO,
MDC Correctional Officer ADWAPA,
MDC Mailroom Officer JOHN DOE, et al.,
(Warden),

                Respondents.

-----------------------------------------------------------------x

GERARDO SOLANA,

                Petitioner,

   -against-

UNITED STATES OF AMERICA,

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 08 2012 ★
BROOKLYN OFFICE

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

MEMORANDUM
AND ORDER

12-CV-3519 (ARR)

12-CV-4032 (ARR)

12-CV-4722 (ARR)

Respondent.

------------------------------------------------------------x

GERARDO SOLANA,

                Plaintiff,

-against-                                              12-CV-4907 (ARR)

Warden at MDC Brooklyn and
United States Attorney General,

                Defendants.

------------------------------------------------------------x

GERARDO SOLANA,

                Petitioner,

-against-

UNITED STATES PAROLE COMMISSION,          12-CV-5235 (ARR)

                Respondent.

------------------------------------------------------------x

ROSS, United States District Judge:

Gerardo Solana,[1] a pro se prisoner, brings multiple suits against multiple parties, challenging a variety of official conduct relating to his detention and revocation of parole. The cases were transferred to me from Judge Gleeson. Pursuant to 28 U.S.C. § 1915, I grant Solana's request to proceed in forma pauperis and I address all of his claims. For the reasons explained below, I dismiss 12-CV-3519, 12-CV-4032, 12-CV-4722, and 12-CV-4907. I direct the United States Parole Commission to respond to 12-CV-5235 in full.

---

[1] A search for Solana's BOP identification number, 31189-053, produces a variant of plaintiff/petitioner's name, Gerardo Solano-Santryll. See Federal Bureau of Prisons, Inmate Locator, http://www.bop.gov/iloc2/LocateInmate.jsp. (last visited Nov. 5, 2012). For the purposes of this Memorandum and Order, I refer to plaintiff/petitioner as "Solana."

2

## BACKGROUND

Some background is necessary to understand the posture of Solana's various claims. Solana pled guilty in 1986 to conspiracy to distribute cocaine and distribution of cocaine. See 86-CR-433, Dkt. #25, at 1. Judge Thomas C. Platt sentenced him to four years of incarceration and a 25-year term of special parole. Id. Solana was sentenced before the enactment of the federal sentencing guidelines. At that time, the United States Parole Commission ("Parole Commission") oversaw parolees and had power to revoke parole under 18 U.S.C. § 4214 (repealed 1987). The Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987, abolished parole in the federal system, but the Parole Commission remained in existence subject to extensions by Congress, see Parole Commission Phaseout Act of 1996, Pub. L. No. 104-232, 110 Stat. 3055 (extending Parole Commission to 2002); see also United States v. Reyes, 283 F.3d 446, 456 n.2 (2d Cir. 2002) (discussing Parole Commission and enactment of Sentencing Reform Act). Most recently, on October 21, 2011, Congress extended the Parole Commission for two additional years, until October 31, 2013, by the United States Parole Commission Extension Act of 2011. Pub. L. No. 112–44, 125 Stat. 532.

Solana was paroled in 1990, but at some point thereafter his parole was revoked and he was sentenced to an additional twenty four months in custody. See Solana v. U. S. Prob. Dep't, No. 10-CV-3045(JG), Dkt. #4, at 1.[2] In April 2008, Solana was released from custody and commenced supervision in this district. Id. From May 26, 2010 to July 22, 2010, Solana

---

[2] Prior to the instant cases, Solana had filed numerous other actions in this court. See Solana v. Morales, No. 08-CV-2844; Solana v. US Marshal Serv., No. 07-CV-2215; Solana v. Reish, No. 97-CV-3308; Solana v. US Parole Comm'n, No. 97-CV-553; Solana v. United States, No. 92-CV-118; Solana v. United States, No. 91 CV 2503.

attended the residential treatment program at Daytop Village and successfully completed the program. See 12-CV-5235, Dkt. #1, at 5. At some point before July 12, 2012 (when the court received his first petition), Solana was reincarcerated, first at Rikers Island and then at the Metropolitan Detention Center ("MDC") in Brooklyn. See 12-CV-3519, Dkt. #1, 5. It is not clear from the record why Solana was put back into custody in 2012. A search using the Federal Bureau of Prisons Inmate Locator reveals that Solana is currently incarcerated at the Federal Detention Center ("FDC") in Philadelphia.

## DISCUSSION

I.  *Standard of Review*

Because petitioner is proceeding pro se, his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 111 n.5 (1976) (internal quotation marks omitted); accord Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after Twombly, . . . we remain obligated to construe a pro se complaint liberally."). Nevertheless, the court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and thereafter "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A; see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

II. *Solana's Claims*

    A. *Claims Challenging Confinement*

Three of Solana's complaints attack the legality of his confinement and/or his underlying

4

conviction.³ First, Solana petitions this court for a writ of mandamus, alleging he is being unlawfully held by the New York City Department of Corrections, as well as the United States Parole Commission. 12-CV-3519, Dkt. #1, at 2. He states that the City Department of Corrections "violated plaintiff's rights by not releasing him after more than 76 hours waiting to be picked up by the U.S. Marshals Service due to a violation warrant placed by the Parole Commission." Id. at 2. He also claims that several named United States Probation Officers and the Parole Commission "have maliciously, intentionally, falsely, unlawfully, unconstitutionally and discriminatly [sic] conspired to accuse, alter dates and events in their favor for the purpose of detaining plaintiff, in the charges in the violation warrant." Id. He seeks immediate release from New York City Department of Corrections custody and $17 million in damages. Second, Solana petitions for a writ of coram nobis, alleging that he was not informed by counsel of the immigration consequences of his guilty plea and seeking relief under the United States Supreme Court's decision in Padilla v. Kentucky, 130 S. Ct. 1473 (2010). 12-CV-4722, Dkt. #1-2, at 2; Dkt. #5, at 1. Third, Solana petitions for a writ of habeas corpus, alleging errors in the US Parole Commission's calculation of the period of his detention, "double jeopardy" in revoking his parole based on the same conduct as his underlying offense, and failure to give him a revocation hearing "within 90 days of retaking." 12-CV-5235, Dkt. #1, at 1-3.

---

³Although Solana is currently confined at the FDC in Philadelphia, he was incarcerated at the MDC in Brooklyn when he filed these cases. Accordingly, this court retains jurisdiction. See Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.").

1. <u>12-CV-3519 (writ of mandamus)</u>

As to the petition for an emergency writ of mandamus, 12-CV-3519, Solana's request for immediate release from New York City Department of Corrections custody is moot because he is no longer in New York City Department of Corrections Custody. As to his claim for $17 million in damages based on what he alleges was an unlawful delay of seventy-six hours, Solana nowhere alleges that the delay was due to anything beyond negligence on the part of the Marshals Service. Merely negligent conduct causing unintended loss of liberty is not sufficient to state a claim for compensation that is constitutionally required. <u>Daniels v. Williams</u>, 474 U.S. 327, 333 (1986). Accordingly, Solana has failed to state a claim for damages. As to Solana's complaint regarding errors in the violation warrant issued by the Parole Commission, I deal with those claims in the discussion of 12-CV-5235 below. Accordingly, I dismiss the petition for mandamus.

2. <u>12-CV-4722 (writ of coram nobis)</u>

With regard to Solana's coram nobis petition, 12-CV-4722, the petition essentially states a challenge to Solana's conviction under <u>Padilla v. Kentucky</u>, 130 S. Ct. 1473. Solana has already filed several 28 U.S.C. § 2255 petitions challenging his conviction and sentence.[4] Therefore, Solana must seek permission from the Court of Appeals before filing a second or successive motion. <u>See</u> 28 U.S.C. § 2255(h). Alternatively, to the extent the coram nobis petition may be read as a challenge to Solana's removal from the United States, the Real ID Act

---

[4]<u>See</u> <u>Solana v. United States</u>, 91-CV-2503 (§ 2255 motion denied by order dated Oct. 25, 1991, appeal dismissed on Apr. 24, 1992, by the United States Court of Appeals); <u>Solana v. United States</u>, 92-CV-118 (§ 2255 motion denied by order dated Apr. 3, 1992); <u>Solana v. Reish</u>, 97-CV-3308 (§ 2255 motion transferred on Aug. 8, 1997 to the United States Court of Appeals as a successive petition).

of 2005 divested this court of jurisdiction over review of orders of removal and granted jurisdiction exclusively to the Court of Appeals. See 8 U.S.C. § 1252(a)(5). Accordingly, I dismiss the petition for coram nobis.

3. 12-CV-5235 (writ of habeas corpus)

Finally, I construe Solana's suit against the United States Parole Commission, 12-CV-5235, as a 28 U.S.C. § 2241 motion, challenging the execution of Solana's sentence, rather than the sentence itself. See Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001) ("A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.").

Because Solana was sentenced before the enactment of the Federal Sentencing Guidelines, his term of special parole was governed by 18 U.S.C. § 4201 et seq. and 28 C.F.R. § 2.20 et seq., which established guidelines for the Parole Commission. Those guidelines provided a framework for combining information about the underlying offense (the "severity of offense behavior") and the offender (the "parole prognosis") in order to calculate a "salient factor score." See 28 C.F.R. § 2.20. Not unlike the sentencing guidelines, the salient factor score then indicated a range of months to be served by the offender before release. Id.

Solana complains first that his salient factor score was miscalculated. 12-CV-5235, Dkt. #1, at 2. He relies in large part on an assertion that "felonies that are over 15 years ago cannot be considered, counted, or misdemeanors that are older than 10 years cannot be counted or considered." Id. Solana alleges, therefore, that his score is miscalculated because it relies on his underlying conviction, which occurred more than fifteen years ago. As a matter of law, Solana is

incorrect. Under 28 C.F.R. § 2.20.A8, convictions that are more than ten years are old are not counted only if "there is at least a ten year commitment free period in the community (including time on probation or parole) between the last release from a countable commitment . . . and the commencement of the current offense behavior." Id. Solana states that the Commission counts eight prior commitments, but he disputes this as erroneous. I do not have his full record before me and cannot determine whether Solana's salient factor score was calculated correctly.[5] Therefore, I direct the Parole Commission to respond to Solana's claim regarding miscalculation of his salient factor score.

Second, Solana alleges he has been subject to "[d]ouble jeopardy . . . by the Commission as it has stated that petitioner engages in illegal drug use and has been revoked 7 previous times to consider going above the guideline range. The factors use[d] by the Commission is [sic] erroneous as the reason for petitioner's violation, sanction, is original[ly] based on his use of drugs." 12-CV-5235, Dkt. #1, at 2-3. Solana appears to be complaining about double counting, not double jeopardy. Double counting in this context occurs when the Parole Commission departs from the guidelines based on the same factors it used either to calculate the salient factor score or to determine the severity category. See Kell v. U.S. Parole Comm'n, 26 F.3d 1016, 1020 (10th Cir. 1994); Muhammad v. Mendez, 200 F. Supp. 2d 466, 472 (M.D. Pa. 2002). Without knowing how Solana's salient factor score was calculated or whether the Parole Commission departed from the parole guidelines, the court cannot determine whether Solana's

---

[5] I am mindful, however, that judicial review of a decision rendered by the Parole Commission is limited to determining whether the Commission has abused its discretion. Kelly v. Meifee, No. 02 Civ.6244(RCC)(MHD), 2003 WL 22845717, at *5 (S.D.N.Y. Nov. 26, 2003). I am required to uphold the Commission's calculation unless I find that its calculation was irrational. Id. (citing Iuteri v. Nardoza, 732 F.2d 32, 37 (2d Cir. 1984)).

8

claim has merit. Accordingly, I direct the Parole Commission to respond to Solana's claim regarding double counting.

Finally, Solana alleges that "[t]he Commission has once again violated the law by not applying the revocation hearing within 90 days of retaking, as it should be, and has and will cause petitioner to be prejudiced." 12-CV-5235, Dkt. #1, at 3.[6] With respect to revocation hearings, the statute provides that the Commission shall hold a hearing "at or reasonably near the place of the alleged parole violation or arrest, without unnecessary delay, to determine if there is probable cause to believe that he has violated a condition of his parole," 18 U.S.C. § 4214(a)(1)(A), except: (1) "Conviction for any criminal offense committed subsequent to release on parole shall constitute probable cause for purposes of subsection (a) of this section," id. § 4214(b)(1); and (2)

> Any alleged parole violator who is summoned or retaken by warrant under section 4213 who knowingly and intelligently waives his right to a hearing under subsection (a) of this section, or who knowingly and intelligently admits violation at a preliminary hearing held pursuant to subsection (a)(1)(A) of this section, or who is retaken pursuant to subsection (b) of this section, shall receive a revocation hearing within ninety days of the date of retaking.

Id. § 4214(c). I do not know the circumstances of the revocation of Solana's parole, whether he was granted a hearing at any point, or whether he knowingly and intelligently waived his right to a hearing. Therefore, I direct the Parole Commission to respond to this claim.

B.  *Other Claims*

Solana's two remaining actions, 12-CV-4032 and 12-CV-4907, allege unconstitutional

---

[6] The court notes that absent a showing of bias or prejudice, the proper vehicle to challenge the denial of a revocation hearing is a writ of mandamus, not habeas corpus. See Heath v. U.S. Parole Comm'n, 788 F.2d 85, 89-90 (2d Cir. 1986). It is not necessary to decide at this time whether Solana's complaint is sufficient to allege prejudice.

9

and tortious actions by MDC officials during his confinement there. Solana alleges in a petition for a writ of mandamus, 12-CV-4032, that on August 3, 2012, he received two pieces of legal mail that were opened outside of his presence. 12-CV-4032, Dkt. #1, at 2-3. When Solana requested that defendant Correctional Officers ("C.O.") Toledo and Adawapa verify he was receiving legal mail open, C.O. Toledo allegedly told Solana, "If you do not want your mail it will be returned to sender." Id. C.O. Adawapa allegedly said, "If you do not take your legal mail, accepted open, it might get lost and you might never know what was inside." Id. at 3. Solana contends that the practice of opening legal mail outside of the recipient's presence "has happened many, many times in the past," id. at 4, and that this behavior is part of a "customary unwritten policy to open legal stamped mail, read and take appropriate steps to prevent lawsuits, complaints and prejudice inmates," id., though, notably, Solana does not allege that he has suffered any specific harm. Further, he alleges, "it is also customary to move the complaining inmate from unit to unit making his stay at MDC Brooklyn very, very uncomfortable." Id. Solana seeks an order from this court to prevent MDC from opening his legal mail and from moving him. Id. at 4-5. In the event defendants do not comply with the court's order, Solana seeks compensatory damages. Id. at 5.

Solana files a separate cause of action, 12-CV-4907, alleging that he tripped and fell on a broken tile in the shower at MDC, and naming the MDC warden and United States Attorney General as defendants in their "personal and official capacities." 12-CV-4907, Dkt. #1, at 1-2. He states that the missing tile was "due to negligence and un[]safe conditions at the shower areas." Id. at 2. He further alleges that he was "caused further pain and suffering as defendants gave the wrong medication on August 31." Id. Finally, he states, "Defendants continuously open

plaintiff's clearly marked and stamped legal mail . . . ." Id. Solana does not identify who is personally involved in the behavior of which he complains, though he states that defendants "are responsible, liable, for their neglect and knowingly, intentionally, and purposefully causing plaintiff's injuries." Id. at 3.

1. 12-CV-4032 (writ of mandamus)

First, to Solana's request for a writ of mandamus: The granting of a writ of mandamus is an "extraordinary remedy" that "will issue only to compel the performance of 'a clear nondiscretionary duty.'" Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988) (quoting Heckler v. Ringer, 466 U.S. 602, 616 (1984)). In order to invoke mandamus relief, a petitioner must show the following prerequisites: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy is available." Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989) (internal quotation marks omitted). Even if Solana could meet this high standard, his petition is moot because he has been transferred to the FDC Philadelphia. Cf. Prins v. Coughlin, 76 F.3d 504, 506 (2d Cir. 1996) ("It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility.").

Thus, I turn to Solana's claim for damages. Although Solana seeks damages only for violations of the court's mandamus order, his complaint may be construed to state an action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). This is especially appropriate given that Solana complains of the same conduct with respect to his mail in 12-CV-4907, in which he seeks damages directly. See 12-CV-4907, Dkt. #1, at 2, 3.

11

Solana has a right to be present when his legal mail is opened. Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003). "Interference with legal mail implicates a prison inmate's rights to access to the courts and free speech as guaranteed by the First . . . Amendment[] to the U.S. Constitution." Id. "To state a claim for denial of access to the courts - in this case due to interference with legal mail - a plaintiff must allege that the defendant 'took or was responsible for actions that hindered [the plaintiff's] efforts to pursue a legal claim.'" Id. (quoting Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 1997) (citing Lewis v. Casey, 518 U.S. 343, 351 (1996)) (internal quotation marks omitted)). In other words, a plaintiff must show "actual injury" with respect to one of his legal claims. Casey, 518 U.S. at 349. Since Solana alleges no actual, concrete injury to any contemplated or existing litigation beyond a general statement that the MDC's alleged policy is intended "to prevent lawsuits, complaints[,] and prejudice inmates," 12-CV-4032, Dkt. #1, at 4, he has failed to state an access-to-courts claim.

"In addition to the right of access to the courts, a prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment." Davis, 320 F.3d at 351. A prisoner's mail may be restricted only to further "'one or more of the substantial governmental interests of security, order, and rehabilitation'" and the restriction "'must be no greater than is necessary or essential to the protection of the particular governmental interest involved.'" Id. (quoting Washington v. James, 782 F.2d 1134, 1139 (2d Cir.1986)). See Bellezza v. Holland, 09 Civ. 8434, 2011 WL 2848141, at *5-7 (S.D.N.Y. July 12, 2011) (comparing standards of access-to-courts and free speech claims). In Davis, the Second Circuit held that "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation." Davis, 320 F.3d at 351. Rather, a plaintiff must show that prison officials "'regularly and unjustifiably interfered

12

with the incoming legal mail.'" Id. (quoting Cancel v. Goord, No. 00 CIV 2042 LMM, 2001 WL 303713, at *6 (S.D.N.Y. Mar. 29, 2001)). The Davis court cited the test outlined in Washington v. James, 782 F.2d at 1139, that "as few as two incidents of mail tampering could constitute an actionable violation (1) if the incidents suggested an ongoing practice of censorship unjustified by a substantial government interest, or (2) if the tampering unjustifiably chilled the prisoner's right of access to the courts or impaired the legal representation received." Id.

As noted above, Solana cannot make out an access-to-courts claim, so he cannot meet prong (2) of the Washington test. Solana cannot make out prong (1) either. First, the test contemplates at least two incidents of mail tampering to trigger an inquiry into whether a constitutional violation occurred; Solana has alleged only one. Second, Solana's assertions that the MDC has a "policy to open legal stamped mail" and "it has happened many, many times" are "mere conclusory statements," not facts from which this court could infer a pattern of censorship on the part of the MDC. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Accordingly, they fail to state a claim upon which relief can be granted. Id. I therefore dismiss 12-CV-4032 without prejudice. See 28 U.S.C. § 1915A.

2. <u>12-CV-4907 (tort action)</u>

Solana's claims of injury in the MDC shower and pain and suffering due to being prescribed the wrong medication may be construed as a tort action or as a constitutional claim under Bivens. However, Solana cannot make out either claim on his pleadings. A tort action is only possible if sovereign immunity is waived pursuant to the Federal Tort Claims Act. See 28 U.S.C. § 2679(b)(1) ("The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting

13

from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim . . . ."). The FTCA requires that a plaintiff first file an administrative claim with the appropriate federal agency before suing for relief in federal court. 28 U.S.C. § 2675(a). "Because the notice of claim requirements are jurisdictional in nature, allegations of presentment of a claim [to the appropriate agency] are necessary." 55 Motor Ave. Co. v. Liberty Indus. Finishing Corp., 885 F. Supp. 410, 416 (E.D.N.Y. 1994); accord White v. St. Joseph's Hosp., 369 F. App'x 225, 227 (2d Cir. 2010) ("[I]nsofar as White attempted to state a claim against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., she failed to allege that she had exhausted her administrative remedies as required by that statute."); see also Adeleke v. United States, 355 F.3d 144, 153 (2d Cir. 2004) (noting "procedural hurdle" of filing administrative claim "applies equally to litigants with counsel and to those proceeding pro se"). Since Solana has not alleged any facts that would allow this court to find it has jurisdiction under the FTCA, his tort claims must be dismissed. See McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936) (holding plaintiff "must allege in his pleading the facts essential to show jurisdiction"). If Solana has filed an administrative claim that has either been denied or has received no final disposition within six months after filing, see 28 U.S.C. § 2675(a), he may amend his complaint to plead those facts.

Solana's complaint also does not make out a plausible claim against the warden of the MDC or the Attorney General under Bivens and Carlson v. Greene, 446 U.S. 14 (1980) (applying Bivens to Eighth Amendment claims). See Iqbal, 556 U.S. at 678 ("A claim has facial

14

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Solana states in the affidavit accompanying his complaint that "staff has been notified" of the broken tile in the shower, and that he "notified the officer on duty" about "nausea" and "discomfort" he experienced due to receiving the wrong medication. 12-CV-4907, Dkt. #1, at 4. However, he pleads no facts that would suggest the named defendants – the warden and the Attorney General – have any knowledge of the conditions about which he complains. The warden and Attorney General cannot be held vicariously liable for torts of their subordinates. See Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Therefore, to make out a Bivens claim against these defendants, Solana would have to show that each was "deliberate[ly] indifferen[t] to a substantial risk of serious harm." Farmer v. Bennet, 511 U.S. 825, 828 (1994) (internal quotation marks omitted). As the Supreme Court has defined it, deliberate indifference requires a showing of both "conditions posing a substantial risk of serious harm" and "a sufficiently culpable state of mind," id. at 834 (internal quotation marks omitted), that is "more blameworthy than negligence," id. at 835. Though Solana alleges that the named defendants are "liable for their neglect and knowingly, intentionally and purposely causing plaintiff's injuries," 12-CV-4907, Dkt. #1, at 3, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 556 U.S. at 678. Accordingly, Solana's claims of injury stemming from the broken tile and erroneous prescription of medication are dismissed for failure to state a claim. See 28 U.S.C. § 1915A.

## CONCLUSION

12-CV-3519 and 12-CV-4722 are dismissed. See 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B). I certify pursuant to 28 U.S.C. § 1915(a)(3) that, with respect to these complaints, any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to close those cases. 12-CV-4032 and 12-CV-4907 are dismissed without prejudice and with leave to replead within 30 days. Failure to replead within 30 days will result in dismissal. I direct the United States Parole Commission to respond to 12-CV-5235.

IT IS SO ORDERED.

/S/ Judge Allyne R. Ross
Allyne R. Ross
United States District Judge

Dated: November 8, 2012
Brooklyn, NY

**Service List:**

Gerardo Solana
#31189-053
FDC Philadelphia
Federal Detention Center
P.O. Box 532
Philadelphia, PA 19105