UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

GERARDO SOLANA,

                                 Petitioner,

-against-

UNITED STATES PAROLE COMMISSION,

                                 Respondent.

------------------------------------------------------------------ X

12-CV-5235 (ARR)(LB)

NOT FOR PRINT OR ELECTRONIC PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

Petitioner Gerardo Solana ("petitioner" or "Solana") filed this pro se petition for writ of habeas corpus on October 15, 2012, along with several other causes of action. See, e.g., Solana v. Toledo, No. 12-CV-4032; Solana v. United States of America, No. 12-CV-4722. On November 8, 2012, I issued a memorandum and order dismissing Solana's other causes of action and construing this case as a habeas petition filed pursuant to 28 U.S.C. § 2241. See Dkt. #5, at 7-9. I directed the United States Parole Commission ("Parole Commission") to respond to Solana's claims. Id. at 9. The Parole Commission, through the United States Attorney's Office for the Eastern District of New York, filed a response on December 13, 2012. See Dkt. #10. Petitioner filed a reply on December 26, 2012. See Dkt. #14. He also moved this court to appoint counsel and for a Franks hearing. See Dkt. #13. Finally, petitioner filed a "Notice of Tort Claim" under this case number, though this filing is an attempt to replead his cause of action dismissed in case number 12-CV-4032. See Dkt. #16. For the reasons discussed below, the habeas petition is denied, the motion to appoint counsel and for a Franks hearing is denied, and

1

the "Notice of Tort Claim" is dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

As discussed in my prior order, this case originates from Solana's guilty plea to conspiracy to distribute cocaine and distribution of cocaine in 1986. See United States v. Solana-Santryll, No. 86-CR-433, Dkt. #25, at 1. Judge Thomas C. Platt sentenced Solana to a term of four years of incarceration, followed by a twenty-five year term of special parole. Id. Since Solana was sentenced prior to the enactment of the Sentencing Guidelines, his parole term was dictated by the federal statute governing the Parole Commission, 18 U.S.C. §§ 4201-4218. Solana has spent the last twenty-two years of his parole in and out of prison, see Dkt. #10, at 7-12, and the instant case arises from his eighth violation of parole, id. at 12. On July 21, 2011, the Parole Commission filed a warrant for violation of parole based on a finding that Solana had tested positive for cocaine on four occasions and had missed numerous appointments with his drug treatment program and his parole officer. See Dkt. #10, Ex. 21, 22.[1] For reasons that are not clear in the record, Solana was arrested on that warrant almost a year later on July 18, 2012. Id., Ex. 23. Just prior to this arrest, Solana had been arrested by the New York City Police Department for criminal possession of a controlled substance and detained at Rikers Island. Id. at 13; see also Solana v. N.Y.C. Dep't of Corrections, 12-CV-3519. Solana ultimately pled guilty to disorderly conduct and the Parole Commission supplemented its warrant to add a "law violation." Dkt. #10, Ex. 26. Solana was confined at the Metropolitan Detention Center

---

[1]Solana disputes this and many of the facts that follow. See Dkt. #14, at 1-4. As a determination of the disputed facts is unnecessary to deciding this case, I make no judgment as to whether the facts presented in the Government's brief are accurate.

("MDC") in Brooklyn on July 18, 2012. Id. at 12-13. According to a letter dated August 15, 2012, an official from the Parole Commission attempted to conduct a preliminary interview with Solana on August 13, 2012, but Solana refused to meet with him. Id., Ex. 27. On August 29, 2012, the Commission requested to have Solana transferred to the Federal Detention Center ("FDC") in Philadelphia in order to conduct a parole revocation hearing. Id., Ex. 28. On September 20, 2012, the Parole Commission sent Solana a proposal for an expedited revocation decision, whereby the Commission proposed an eighteen-month sentence of incarceration for his violation. Id., Ex. 29. The letter stated:

> You are under no obligation to apply for the expedited revocation procedure. If you do not wish to waive your right to a revocation hearing . . . [y]ou will be given a revocation hearing under normal procedures. . . . The Commission will not take into account the fact that you chose to have a revocation hearing rather than accept the proposed decision.

Id. Solana acknowledges he received this letter, Dkt. #14, at 2, but he apparently never responded, Dkt. #10, at 15. The Parole Commission scheduled a revocation hearing for November 28, 2012, at which Solana was represented by Assistant Federal Defender Joseph Miller. Id. at 15, Ex. 31, 32. Though Solana contests what occurred at that hearing, Miller signed a request for an adjournment, and the Parole Commission adjourned the hearing to the week of January 14, 2013. Id., Ex. 32, 33.

## DISCUSSION

I.   *Exhaustion of Administrative Remedies*

A petition challenging the manner of execution of an inmate's sentence is properly brought pursuant to 28 U.S.C. § 2241. See Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001); see also United States v. Arthur, 367 F.3d 119, 122 (2d Cir. 2004) (finding

3

that the court had jurisdiction to review § 2241 challenge to BOP policy brought by prisoner then on bail). However, federal prisoners must exhaust their administrative remedies before filing a petition for habeas corpus relief in federal court. Carmona, 243 F.3d at 634. The requirement of exhaustion regarding § 2241 is "prudential, not statutory." Pimentel v. Gonzalez, 367 F. Supp. 2d 365, 371 (E.D.N.Y. 2005). The purposes of the exhaustion requirement include "protecting the authority of administrative agencies, limiting interference in agency affairs, developing the factual record to make judicial review more efficient, and resolving issues to render judicial review unnecessary." Beharry v. Ashcroft, 329 F.3d 51, 62 (2d Cir. 2003). "Failure to exhaust administrative remedies results in a procedural default, which bars judicial review unless the petitioner persuades the Court that the failure to exhaust should be excused." Rosenthal v. Killian, 667 F. Supp. 2d 364, 366 (S.D.N.Y. 2009) (citing Carmona, 243 F.3d at 634). A court may excuse the failure to exhaust administrative remedies when it determines that exhaustion would have been futile. Id.

It is plain from the record that petitioner has not exhausted his administrative remedies. To the contrary: the Parole Commission has not yet made a final determination regarding his revocation. The Commission will hold a revocation hearing during the week of January 14, 2013. Dkt. #10, Ex. 33. After the hearing, the Parole Commission's decision may be appealed to the Commission's National Appeals Board. See 18 U.S.C. § 4215 ("Whenever . . . parole is modified or revoked under section 4214(a), the individual to whom any such decision applies may appeal such decision by submitting a written application to the National Appeal [Appeals] Board not later than thirty days following the date on which the decision is rendered."); 28 C.F.R. § 2.26(a)(1) ("A prisoner or parolee may submit to the National Appeals Board a written appeal

4

of any decision to grant (other than a decision to grant parole on the date of parole eligibility), rescind, deny, or revoke parole . . . ."). Solana has availed himself of this administrative remedy on more than one occasion in the past. See Dkt. #10, Ex. 13, 19. Accordingly, as Solana has not exhausted his administrative remedies, and, moreover, because the Parole Commission has yet to issue a final decision as to his revocation, his habeas petition is premature. It is therefore denied without prejudice.

II.     *Unreasonable Delay*

Petitioner correctly asserts that he was entitled to a revocation hearing within ninety days of the date of his being retaken into custody on the violation warrant. See 18 U.S.C. § 4214(c). From the date of his arrest - July 18, 2012 - to the date of the first revocation hearing - November 28, 2012 - 113 days elapsed. The Government argues that this delay resulted from Solana's refusal to meet with the Parole Commission official at the MDC and his failure to respond to the proposal for an expedited revocation decision. Dkt. #10, at 21. However, Solana denies that anyone from the Parole Commission ever came to see him at the MDC. Dkt. #14, at 2. Moreover, any delay beyond ninety days is prima facie unreasonable. Carmel v. U.S. Parole Comm'n, 489 F. Supp. 113, 115 (S.D.N.Y. 1980). Nevertheless, even assuming the delay was unreasonable, the remedy in such a case is "not release from custody but the compulsion of a prompt decision by the Commission." Id. As the Parole Commission is required by statute and the Constitution to provide a hearing prior to revoking Solana's parole, see 18 U.S.C. § 4214; Morrissey v. Brewer, 408 U.S. 471, 487-88 (1972), the appropriate remedy here is to order the Parole Commission to hold a hearing. Since a hearing is scheduled for the week of January 14, 2013, however, no such order is required.

5

Solana claims that he has been prejudiced in various ways due to the unreasonable delay. Dkt. #14, at 4-6. Some of his claims - such as being deprived of participating in rehabilitative and educational programs, id. at 5 - are not prejudicial as far as Solana's right to due process in the revocation hearing is concerned. As to his claims that he will be prejudiced in his ability to confront adverse witnesses and present mitigating evidence, id. at 4-5, Solana provides little more than conclusory allegations that do not demonstrate prejudice. See Reilly v. Morton, No. 97-CV-5571(FB), 1999 WL 737916, at *4 (E.D.N.Y. Sept. 16, 1999) (finding no prejudice stemming from unreasonable delay where petitioner did not identify potentially exculpatory evidence that would be unavailable to him as the result of the delay). The revocation hearing must, of course, comport with requirements of the Due Process Clause, as outlined by the Supreme Court in Morrissey, 408 U.S. at 487-88. But at this stage, Solana has not demonstrated any prejudice that will result from the hearing taking place on January 14, 2013 – the date fixed by an adjournment Solana's counsel requested. Accordingly, the petition is also denied with respect to the delay in holding the revocation hearing.

III.  *Appointment of Counsel and Franks Hearing*

Petitioner moves this court to appoint him counsel. "In habeas corpus cases, counsel must be appointed for qualified indigents when a hearing is required; the court may appoint counsel at an earlier stage if it deems appointment desirable." Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986); accord Graham v. Portuondo, 506 F.3d 105, 107 (2d Cir. 2007). Since the disposition of this case would be the same even if I were to accept all of Petitioner's facts as true, there is no need for a hearing. Therefore, appointment of counsel at this time is neither mandatory nor desirable. See Carmona, 243 F.3d at 635 (declining to appoint counsel

6

where habeas petition is unlikely to succeed on merits). Petitioner also requests a Franks hearing, see Franks v. Delaware, 438 U.S. 154 (1978), asserting that the New York City police officer who arrested him made false statements in order to support the probable cause finding for petitioner's state court conviction. But this case is not a collateral challenge to petitioner's state court conviction. Such a challenge must be brought under 28 U.S.C. § 2254, and must first be exhausted in state court. See 28 U.S.C. § 2254(b)(1)(A). Accordingly, petitioner's request for a Franks hearing is misplaced and must be denied.

IV. *Notice of Tort Claim*

Solana also filed a "Tort Claim," pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Dkt. #16. Though this filing was docketed under this case, 12-CV-5235, it is really an amended complaint to another of Solana's cases, 12-CV-4032. In that case, Solana complained that his legal mail was being opened outside of his presence in violation of the First and Fourteenth Amendments. See Dkt. #5, at 10. I dismissed the case without prejudice because, while noting that Solana had a right to be present when his legal mail was opened under Davis v. Goord, 320 F.2d 346, 351 (2d Cir. 2003), his complaint failed to make out a plausible claim for relief. Dkt. #5, at 13. Specifically, I held that Solana failed to make out an access-to-courts claim, because his conclusory allegations of a "policy to open legal stamped mail" at the MDC fell short of the test articulated in Washington v. James, 782 F.2d 1134 (2d Cir. 1986), which held that "as few as two incidents of mail tampering could constitute an actionable violation (1) if the incidents suggested an ongoing practice of censorship unjustified by a substantial government interest, or (2) if the tampering unjustifiably chilled the prisoner's right of access to the courts or impaired the legal representation received." Id. at 1139.

In Solana's new pleading, he identifies four incidents in which MDC officers opened his legal mail outside of his presence. Dkt. #16, at 3. This arguably meets the first prong of the Washington test, showing "an ongoing practice of censorship unjustified by a substantial government interest." Solana also claims that "[d]efendants['] unconstitutional acts hindered plaintiff's efforts to pursue a legal action" and "interfered in plaintiff's efforts to pursue a legal claim in his (filing) access to the court." Id. But he does not explain how these acts hindered his legal claims.

Even assuming an ongoing practice of censorship, to prevail on an access-to-courts claim, a plaintiff must show actual injury, in other words, he must show "that an actionable claim . . . which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented." Lewis v. Casey, 518 U.S. 343, 356 (1996). "[A] formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Here, Solana's assertion that his legal claims were "hindered" does not suffice as pleading factual allegations that would support his cause of action. Id. ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). To proceed with this claim, Solana must show how the defendants' action caused actual injury to a nonfrivolous legal claim. I will dismiss Solana's claim once more without prejudice, and he will have leave to replead within ten days of this order. This will be his final opportunity to replead this claim.

## CONCLUSION

For the foregoing reasons, the habeas petition is denied. The motion to appoint counsel and for a Franks hearing is denied. The amended complaint in 12-CV-4032 is dismissed. I

certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma paurperis status is denied for purpose of an appeal. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

/S/ Judge Allyne R. Ross

Allyne R. Ross
United States District Judge

Dated: January 11, 2013
      Brooklyn, New York

**Service List:**

Gerardo Solana
# 31189-053
FDC Philadelphia
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19105